UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH LEE DANIELS

                  Petitioner,                  Case Number 2:11-CV-14218
                                                          Honorable Denise Page Hood

v.

CARMEN D. PALMER,

                  Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, GRANTING IN PART A CERTIFICATE OF APPEALABILITY, AND GRANTING IN PART LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

      This matter is before the Court on Petitioner Kenneth Lee Daniels's petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. Petitioner was convicted after a jury trial in the St. Clair Circuit Court of three counts of armed robbery (MICH. COMP. LAWS § 750.529), three counts of felonious assault, MICH. COMP. LAWS § 750.82, one count of carjacking, MICH. COMP. LAWS § 750.529a, one count of possession of a short-barreled shotgun, MICH. COMP. LAWS § 750.224b, one count of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, and one count of fourth-degree fleeing and eluding, MICH. COMP. LAWS § 257.602a(2). As a result of these convictions, Petitioner was sentenced to 25-to-40 years for the armed robbery convictions to be served concurrently with 3-to-15 year terms for his convictions for felonious assault, possession of a short-barreled shotgun, and fourth-degree fleeing and eluding. These sentences are being served consecutively with a 2 year term for the felony-firearm conviction, and another 25-to-40 year term for the carjacking conviction. Petitioner is serving an effective term of 52-to-82 years imprisonment for these convictions.

The petition raises seven claims: (1) Petitioner was denied his right to counsel of choice and an adjournment of his trial to obtain new counsel; (2) the sentencing guidelines were incorrectly scored; (3) there was insufficient evidence presented to sustain his conviction for carjacking; (4) the prosecutor committed misconduct; (5) additional errors were made in the scoring of the sentencing guidelines; (6) trial counsel was ineffective; and (7) appellate counsel was ineffective for failing to raise his fourth through sixth claims during his direct appeal. The Court finds that Petitioner's claims are without merit. Therefore, the petition will be denied. The Court will also deny Petitioner a certificate of appealability and deny permission to proceed on appeal informa pauperis.

## I. Facts and Procedural History

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions arise from the November 11, 2005 armed robbery of Vinny's Market in Port Huron. Shortly before the market closed that evening, a man wearing a dark-colored ski mask and holding a sawed-off shotgun entered. He instructed the market's two employees to get down on the floor, and two accomplices also wearing dark ski masks entered the market. The intruders ordered the employees to move to the floor behind a counter, where one of the masked men used tape to bind the employees' hands and feet. While the intruders tried to empty the cash register and searched for the safe, a customer emerged from a Ford Taurus parked in an adjacent lot, and walked toward the market entrance. One of the intruders saw her, pulled her into the market, took her purse, and threw her on top of the bound employees. A robber then approached the parked Taurus, where the captured customer's boyfriend sat awaiting her return. The robber pointed a sawed-off shotgun at the boyfriend, and ordered him to join the other victims on the floor of the market.
>
> Three witnesses sitting in a nearby vehicle saw the masked man force the Taurus's occupant into the market at gunpoint. The witnesses also described that the man, who wore a gray ski mask, pointed a shotgun at

them and advised them "to get out of there." They continued to watch as the robbers fled the market in the Taurus and another vehicle. The witnesses drove after the robbers, describing their location to the police via cell phones while they followed the robbers' cars. The police intercepted the Taurus in a shopping mall parking lot. Defendant jumped out, and led police on a short chase before being arrested. The police found in or near the Taurus coins, cash, a ski mask, a sawed-off shotgun, and a purse belonging to a market employee.

On the date set for the trial, defendant's court-appointed counsel advised the trial court that defendant had retained counsel, and requested an adjournment. Court-appointed counsel explained that he had telephoned and spoke with defendant's retained counsel, and informed the court as follows:

> I asked [new counsel]: Then are you going to be entering your appearance and representing [defendant]? And he said: Well, if the case is adjourned and he is paid more money, he would do so.
>
> That's-those are his words....
>
> And so I think that with these circumstances, Judge, an adjournment would be in order. [Defendant] is not ... prepared and he assumed that he had a new lawyer....

The trial court noted that it had previously adjourned the trial several times but granted defendant's request, and advised defendant that he would have 30 days to secure new counsel. The trial court believed "that should be fair to your attorney to do what he or she has to do, but he has to do it quickly."

On the next trial date, defendant again appeared with his court-appointed counsel, who requested that defendant be permitted to speak to the trial court in chambers regarding his efforts to retain new counsel. The trial court declined to speak with defendant. Court-appointed counsel explained, "[Defendant] says to me it's just an issue of money. His wife just settled a lawsuit and hasn't gotten the proceeds yet." The trial court again refused to speak with defendant, and the parties proceeded with jury selection. After jury selection, the trial court revisited the issue of defendant's desired representation. The trial court emphasized that it had received no contact by another attorney, the trial was "ready to proceed," and defendant had not demonstrated good cause for another adjournment.

*People v. Daniels*, No. 272218, 2008 WL 1883946, at *1-2 (Mich. Ct. App. April 29, 2008).

Following sentencing, Petitioner appealed his conviction to the Michigan Court of Appeals. His appellate brief raised the what now form his first two habeas claims, along with a claim that he should not have been assessed attorney fees. The Court of Appeals issued an unpublished opinion affirming Petitioner's convictions, but vacating the order for Petitioner to pay attorney fees. *Daniels, supra.*

Petitioner filed an application for leave to appeal this decision in the Michigan Supreme Court. The application only raised what now forms Petitioner's first habeas claim. The Michigan Supreme Court denied the application because it was not persuaded that the question presented should be reviewed by the Court. *People v. Daniels*, 482 Mich. 990 (2008) (table).

Petitioner then returned to the trial court and filed a motion for relief from judgment. The motion raised what now form Petitioner's third through seventh habeas claims. The trial court denied the motion because Petitioner had not shown "good cause" under Mich. Ct. R. 6.508(D)(3) for failing to raise his new issues during his direct appeal. The court also found that Petitioner had not demonstrated that his appellate counsel was ineffective for failing to raise his new claims. *People v. Daniels*, No. 05-2849-FC, order (St. Clair County Cir. Ct. Nov. 20, 2009).

Petitioner appealed this decision through the state appellate courts, but his applications for leave to appeal were denied by form order citing Mich. Ct. Rule 6.508(D). *People v. Daniels*, No. 301587 (Mich. Ct. App. Feb. 10, 2011); *People v. Daniels*, 490 Mich. 859 (2011) (table).

Petitioner then commenced the instant action by filing his application for a writ of habeas corpus, raising the following claims:

I. The trial court violated [Petitioner]'s due process rights by refusing to grant a reasonable adjournment of trial so that [petitioner] could retain defense trial counsel of choice.

II. The trial court violated [Petitioner]'s due process rights at sentencing by scoring sentencing guideline offense variables and increasing the sentencing guideline range based on disputed facts that the prosecutor did not charge and prove beyond a reasonable doubt.

III. Must this court vacate the [Petitioner]'s conviction of carjacking because there was insufficient evidence presented to the jury for them to convict him.

IV. Must this court vacate the [Petitioner]'s conviction in this case where the prosecutor's misconduct was prejudice to the [Petitioner] because he withheld evidence from the defense until the day of trial, not allowing the defense to properly prepare for trial.

V. The trial court abused its discretion by scoring OV's 4, 5, 13, and 14. Must this court resentence the defendant where there was no evident to support the scoring.

VI. Must this court grant a new trial where trial counsel rendered ineffective assistance by: (1) failing to file a motion to compel discovery; (2) by failing to excuse potentially biased jurors; (3) by failing to request an investigator and expert witness on identification at trial; and (4) by failing to present a defense.

VII. Must this court order a new appeal where appellate counsel failed to address trial counsel ineffectiveness and by omitting significant obvious issues on direct appeal causing [Petitioner] to be deprived of his Sixth Amendment right to the effective assistance of appellate counsel on direct appeal.

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded

jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*, at 786-787.

### III. Analysis

**A. Substitute Counsel**

Petitioner first claims that the trial court denied his right to retain counsel of his choice when it denied his request for an adjournment to allow him time to replace his appointed attorney with hired counsel. This claim was presented to the state appellate courts during his direct appeal. Respondent asserts that Petitioner is not entitled to habeas relief based on this claim because the Michigan Court of Appeals decision rejecting the

claim was reasonable.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This constitutional right is applicable to the states through the Fourteenth Amendment. *Serra v. Michigan Dep't of Corrs.*, 4 F.3d 1348, 1351 (6th Cir. 1993) (*citing Gideon v. Wainwright*, 372 U.S. 335, 344-45 (1963)).

"A criminal defendant who desires and is financially able to retain his own counsel 'should be afforded a fair opportunity to secure counsel of his own choice.'" *Id.* (*quoting Powell v. Alabama*, 287 U.S. 45, 53 (1932)). The Supreme Court has held "that erroneous deprivation of the right to counsel of choice, 'with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as "structural error."'" *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006) (*quoting Sullivan v. Louisiana*, 508 U.S. 275, 282 (1993)). However,

> [n]ot every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel. *See Chambers v. Maroney*, 399 U.S. 42, 53-54 (1970). Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).

*Morris v. Slappy*, 461 U.S. 1, 11-12 (1983).

"[T]he essential aim of [the Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159

(1988).

The Michigan Court of Appeals rejected this claim as follows:

> Defendant first contends on appeal that the trial court's denial of his request for an adjournment violated his due process right to be represented by the counsel of his choice. We review for an abuse of discretion a trial court's denial of a motion for adjournment to retain new counsel. *People v. Akins*, 259 Mich.App. 545, 556 (2003). However, to the extent that defendant's argument implicates his constitutional rights, our review is de novo. *People v. Nutt*, 469 Mich. 565, 573 (2004).
>
> The Sixth Amendment affords a defendant who does not require appointed counsel the right to choose who will represent him. *Wheat v. United States*, 486 U.S. 153, 159 (1988). However, "a defendant may not insist on representation by an attorney he cannot afford or who for other reasons declines to represent the defendant." *Id*. Because defendant never retained counsel and utilized the assistance of appointed counsel throughout the trial, the denial of his motion for a continuance did not violate his Sixth Amendment rights.
>
> A criminal defendant has a due process right to be afforded a reasonable time and opportunity to secure counsel. *Powell v. Alabama*, 287 U.S. 45, 52-53 (1932). The denial of a continuance to retain counsel rises to the level of a constitutional violation when there is an "unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay'...." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983), *quoting Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). Whether a court's denial of an adjournment is so arbitrary as to violate due process "must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar, supra* at 589. Trial courts are entitled to exercise "broad discretion" when ruling on requests for adjournments, *Morris, supra* at 11, and if a court chooses a result that falls within the range of reasonable and principled outcomes, it does not abuse its discretion. *People v. Babcock*, 469 Mich. 247, 269 (2003).
>
> When reviewing the denial of a defendant's motion for a continuance to substitute counsel, this Court considers five factors: (1) whether the defendant is asserting a constitutional right; (2) whether the defendant has a legitimate reason for asserting the right, such as a bona fide dispute with his attorney; (3) whether the defendant was negligent in asserting the right; (4) whether the defendant is merely attempting to delay trial; and (5) whether the defendant demonstrated prejudice resulting from the trial court's decision. *People v. Echavarria*, 233 Mich.App. 356, 368 (1999).

> Defendant here predicates his assertion of a due process right to an adjournment on the argument that the trial court should have afforded him more time to retain an attorney. Although defendant has asserted a constitutional right, he has not demonstrated a legitimate reason for asserting the right. Defendant's appointed counsel represented him from the inception of the case until it concluded, briefed and argued several pretrial motions, and brought two interlocutory appeals. The record does not reveal evidence of a dispute between defendant and his appointed counsel. Additionally, nothing in the record suggests that another attorney ever contacted the trial court, filed an appearance, or spoke with appointed counsel a second time about the substance of the case. The record instead reveals that defendant lacked the resources to retain an attorney, and that the proceeds of his wife's lawsuit were used to pay outstanding medical bills and delinquent taxes. Defendant therefore failed to demonstrate a legitimate reason for seeking an adjournment to obtain substitute counsel.
>
> Further, defendant failed to advise the trial court of his alleged difficulty in retaining counsel until the morning of the new trial date, and thus negligently asserted his due process right. Defendant has made no argument regarding potential prejudice, and our review of the record reveals none; appointed counsel vigorously and competently represented defendant. The trial court's decision to proceed with trial without further delay comported with the range of reasonable and principled outcomes, and consequently did not constitute an abuse of discretion. *Babcock, supra* at 269. In summary, we conclude that the trial court did not violate defendant's due process rights when it denied him a second adjournment.

*Daniels*, 2008 WL 1883946, at *2-3.

The issue is whether the trial court's refusal to delay the trial a second time constituted an erroneous deprivation of counsel in violation of the Sixth Amendment. In *Gonzalez-Lopez*, the Supreme Court emphasized the fact that the Sixth Amendment protects only wrongful denials of counsel of choice, holding:

> Where the right to be assisted by counsel of one's choice is *wrongly* denied, therefore, it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. Deprivation of the right is "complete" when the defendant is *erroneously* prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received.

*Gonzalez-Lopez*, 548 U.S. at 148 (emphasis added).

The state court reasonably found that Petitioner was not wrongfully denied counsel of choice because Petitioner did not state a legitimate reason for his request, such as a dispute or dissatisfaction with his appointed attorney. Petitioner waited until the day of trial to make his request for substitute counsel. The trial court did not insist on proceeding with trial despite the eleventh-hour request, and instead granted a thirty-day continuance to allow Petitioner to secure new counsel. At the next trial date, Petitioner still had not been able to retain counsel. A continuance may not be denied based on "a myopic insistence upon expeditiousness in the face of a justifiable request for delay," *Ungar*, 376 U.S. at 589. However, the 30-day continuance provided Petitioner a "fair opportunity to secure counsel of his own choice," and it allowed the trial court to deny the second request without erroneously denying Petitioner his right to counsel of choice. *Powell*, 287 U.S. at 53.

The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, ___ U.S. ___, 130 S. Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached" (internal quotation marks and citations omitted)). That "deference and latitude," means that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, ___ U.S. ___,131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011) (quoting

-11-

*Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). After careful review of the record and the decision by the Michigan Court of Appeals, the Court finds that the scales tip against Petitioner. The Court concludes the decision not to grant a continuance in this case was not contrary to or an unreasonable application of clearly established law.

**B. Sentencing Guidelines**

Petitioner next asserts that the trial court incorrectly scored the sentencing guidelines and used facts not determined by a jury beyond a reasonable doubt to enhance his minimum sentences.

To the extent that Petitioner argues that the trial court erred in scoring the sentencing guidelines, his claim raises issues of state law and does not implicate any federal rights and is non-cognizable on federal-habeas review. *Swarthout v. Cooke*, 562 U.S. , 131 S.Ct. 859, 861, 178 L. Ed. 2d 732 (2011) (habeas-corpus relief does not lie for errors of state law) (*quoting Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *see also Landrum v. Mitchell*, 625 F.3d 905, 913 (6th Cir. 2010) (same). Petitioner's assertion that his sentence is invalid because the trial court incorrectly scored Offense Variables 8 and 14 under the State's sentencing guidelines fails to state a claim for federal-habeas relief because it is a state-law claim and non-cognizable. *See Austin v. Jackson*, 213 F.3d 298, 300-01 (6th Cir. 2000)(citation omitted).

To the extent that Petitioner argues that his sentence is improper because his minimum-sentence-guidelines range was increased based on facts not proven to jury beyond a reasonable doubt or admitted by him is likewise without merit. In support of this claim, Petitioner relies on *Blakely v. Washington*, 542 U.S. 296 (2004), in which the United States Supreme Court held that, other than the fact of a defendant's prior conviction, any

fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)); *see also United States v. Booker*, 543 U.S. 220, 232 (2005) (same). However, this claim has been foreclosed by the Sixth Circuit's decision in *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (*Apprendi's* rule does not apply to judicial fact-finding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum); *see also Montes v. Trombley*, 599 F.3d 490, 495 (6th Cir. 2010) (same). This Court is bound by the Sixth Circuit's decisions. Habeas relief is not warranted.

### C. Claims Raised on Collateral Review

Petitioner's remaining claims - his third, fourth, fifth, sixth, and seventh - were presented to the state courts in his motion for relief from judgment and the appeal that followed its denial. Respondent asserts that review of these claims is barred because the state court decision rests on an independent and adequate state procedural ground.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a

showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." Mich. Ct. R. 6.508(D)(3)(b)(i).

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This court

must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

In the present case, the Wayne Circuit Court judge rejected petitioner's motion for relief from judgment, finding that "Because Defendant received effective appellate counsel, there is no good cause for his failure to raise the issues in this motion on his prior appeal. Therefore this Court may not grant Defendant relief from Judgment. Mich. Ct. R. 6.508(D)(3)." *People v. Daniels*, No. 05-2849-FC, order, page 2 (St. Clair County Cir. Ct. Nov. 20, 2009). Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in Rule 6.508(D)(3), Petitioner's post-conviction claims are clearly procedurally defaulted. *See Ivory v. Jackson*, 509 F. 3d 284, 292-93 (6th Cir. 2007); *See also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005). Petitioner's remaining claims are therefore procedurally defaulted.

With respect to these claims, Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective. It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 463 U.S. at 754.

"[A] brief that raises every colorable issue runs the risk of burying good

arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

Notwithstanding *Barnes*, it is still possible to bring a Strickland claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent.

*Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (*quoting Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that he raised for the first time in his post-conviction motion for relief from judgment. Petitioner's appellate counsel filed a substantial appeal brief which raised two of the claims Petitioner still maintains entitle him to relief. Petitioner has not shown that appellate counsel's strategy in

presenting some claims and not raising other claims was deficient or unreasonable. In fact, Petitioner filed in the trial court a memorandum drafted by appellate counsel; in the memorandum, appellate counsel reported the results of a conversation he had with trial counsel's decision to raise certain objections at trial. *See* Dkt. 11-19, pp. 48-49. A review of this memorandum shows that Petitioner's appellate counsel diligently investigated Petitioner's case and made a reasonable strategic decision as to which claims to raise. Petitioner has therefore failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano*, 228 F.3d 674, 682-83 (6th Cir. 2000).

Because Petitioner has failed to show cause to excuse his default, it is unnecessary to reach the prejudice issue regarding his post-conviction claims. *Smith*, 477 U.S. at 533; *See also Malcum v. Burt*, 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).

Additionally, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has not presented any new reliable evidence that he is innocent of the crimes, as such, a miscarriage of justice will not occur if the Court declines to review petitioner's post-conviction claims on the merits.

Finally, assuming that petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee*, 486 F.3d 883, 891 (6th Cir. 2007). Petitioner has failed to show that his post-conviction claims have any merit. Petitioner is not entitled to habeas relief on his remaining claims. The Court denies the petition for writ of habeas corpus.

### IV. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37.

The Court concludes that a certificate of appealability is warranted as to Petitioner's first claim that the trial court denied him the right to obtain counsel of his choice. The Court believes that reasonable jurists could debate the Court's assessment of this claim.

However, the Court finds that reasonable jurists wound not debate the Court's assessment as to Petitioner's remaining claims and denies him a certificate of appealability. The Court will allow Petitioner permission to proceed on appeal in forma pauperis because an appeal could be taken in good faith.

### V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED** on the limited issue of whether the trial court denied Petitioner the right to obtain counsel of his choice. However, the Court denies a certificate of appealability as to all other claims.

**IT IS FURTHER ORDERED** that permission to proceed on appeal in forma pauperis is **GRANTED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 23, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 23, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager